**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 18 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KINSHASA COOLEY,

        Petitioner-Appellant,

v.

GARY WATKINS; ATTORNEY
GENERAL FOR THE STATE OF
COLORADO,

        Respondents-Appellees.

No. 03-1420
(D.C. No. 02-B-1394 (PAC))
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **MURPHY** , Circuit Judge, and **CAUTHRON** ,**
Chief District Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     The Honorable Robin J. Cauthron, Chief District Judge, United States
District Court for the Western District of Oklahoma, sitting by designation.

Petitioner Kinshasa Cooley, a Colorado state prisoner, was convicted by a jury of burglary, kidnaping, aggravated robbery, assault, and sexual assault. After concluding direct appeal and post-conviction proceedings in state court, Cooley filed a petition for a writ of habeas corpus in federal court, pursuant to 28 U.S.C. § 2254. He asserted that: (1) the prosecution withheld exculpatory evidence from the defense, contrary to the holdings of *Kyles v. Whitley*, 514 U.S. 419 (1995) and *Brady v. Maryland*, 373 U.S. 83 (1963); (2) during jury selection, the prosecution excused a prospective juror on the basis of race, contrary to the holding of *Batson v. Kentucky*, 476 U.S. 79 (1986); and (3) Cooley's trial counsel was constitutionally ineffective under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984). A magistrate judge rejected Cooley's claims of error on the merits without holding an evidentiary hearing. Upon de novo review, the district court adopted the magistrate judge's report and recommendation and dismissed Cooley's § 2254 petition with prejudice.

Cooley now challenges the district court's order denying his petition, rearguing the three claims made in the district court. He also asserts that he was entitled to an evidentiary hearing. Previously, this court granted a certificate of appealability (COA) on the *Kyles/Brady* issue. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that, in the absence of a COA, a habeas petitioner may not appeal).

We affirm the district court's ruling on that issue and deny COA on the remaining issues.

## DISCUSSION

**Suppression of exculpatory evidence**

Suppression "of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment." *Brady*, 373 U.S. at 87. Generally, evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles*, 514 U.S. at 433. In this habeas action, we view petitioner's claim under the deferential standard set out in 28 U.S.C. § 2254(d). Where, as here, petitioner's claims were adjudicated on the merits in state court proceedings, this court may grant habeas relief only where the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.*

At his criminal trial, the evidence indicated that Cooley (as identified by the victims) and three other armed men forced entry into a home, and "bound, beat, and terrorized the victims, while ransacking the house in search of money they believed to be present." Aplt.'s App. at 140 (*People v. Cooley*,

-3-

No. 95CA0849 (Colo. Ct. App. Feb. 6, 1997) (not selected for official publication)). After several hours, the robbers left, taking "cash, jewelry and other items" with them. *Id.* Cooley based his defense on a mistaken identity theory, presenting testimony "from his wife that he had been home asleep with her on the night of the crime." *Id*. at 141.

Before trial, the prosecution had disclosed to Cooley that a gun case designed for the type of gun used in the incident had been found a few houses away from the victims' home and that the case contained a serial number. On the last day of trial, an investigating detective's testimony added new information. The detective stated that the gun case had been traced through the serial number to a man named Morrell and that the police had tried but failed to contact him. During closing argument, Cooley used this testimony to claim that Morrell was the true robber.

On federal habeas review, the magistrate judge assigned to the case evaluated the entire record of Cooley's trial and observed that

> given the victims' positive identification of Mr. Cooley and the fact that the jury convicted Mr. Cooley despite hearing evidence that Mr. Cooley was not the purchaser of the gun, there is no reasonable probability that the outcome of the trial would have been different if the defense had been given the information about the purchaser of the gun prior to trial.

*Id.* at 330. The magistrate judge concluded that the state courts' determination on the immateriality of Morrell's name was consistent with clearly-established

-4-

federal law.  She therefore recommended denial of habeas relief on the *Brady/Kyles* issue.  Upon our examination of the record, we determine that this claim fails for substantially the same reasons set forth in the report and recommendation of the magistrate judge.

**Exclusion of African-American prospective juror**

Cooley, who is African-American, seeks a COA on his claim that the prosecution violated his equal protection rights by exercising a peremptory challenge to exclude an African-American woman from the jury.  *See Batson*, 476 U.S. at 89 (holding that a prosecutor may not exercise a peremptory challenge on the basis of race).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right" on specified issues.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).  We incorporate the deferential standard of 28 U.S.C. § 2254(d) "into our consideration of a habeas petitioner's request for COA."  *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

The magistrate judge properly addressed Cooley's *Batson* claim as "a question of fact subjected to the standard enunciated in 28 U.S.C. § 2254(d)(2)." *Sallahdin v. Gibson,* 275 F.3d 1211, 1225 (10th Cir. 2002). She therefore presumed, in the absence of clear and convincing rebuttal evidence, that the state court findings were correct. *Id.* Cooley argued that the prosecution's reasons for challenging the juror were pretextual. However, based on her review of the record, the magistrate judge concluded that Cooley had failed to present any evidence of purposeful discrimination and that the state court's *Batson* findings were reasonable. Accordingly, the magistrate judge recommended dismissal of the *Batson* claim.

Having examined Cooley's application for a COA and the record on appeal, this court concludes that Cooley is not entitled to a COA. We deny issuance of a COA on the *Batson* claim for substantially the same reasons set out in the magistrate judge's report and recommendation.

**Ineffective Assistance of Counsel**

Cooley next claims that his trial attorney was constitutionally ineffective for a variety of reasons: failure to advise the trial court of Cooley's prior association with one of the prosecutors, failure to investigate whether the gun case and a glove found at the crime scene belonged to Cooley, failure to object to inappropriate behavior of a co-defendant's attorney, coercion in waiving Cooley's

right to testify at trial, and a cumulative inadequacy. In order to prevail on an ineffective assistance claim, a petitioner must demonstrate both that his attorney's performance was deficient and that the deficiencies prejudiced his defense. *Strickland* , 466 U.S. at 687. A showing of prejudice requires a demonstration of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In his habeas petition, Cooley contended that the state courts' denial of his ineffectiveness claims was contrary to law and amounted to an unreasonable application of the *Strickland* standard. After reviewing the state courts' rationale for rejecting Cooley's argument, the magistrate judge concluded that the state courts applied the correct test and that they reached the reasonable determination that Cooley had not demonstrated any prejudice as a result of counsel's alleged errors. For substantially the reasons expressed in the magistrate judge's report and recommendation, we deny COA on Cooley's ineffective assistance claim.

**Denial of evidentiary hearing**

Finally, Cooley asserts that the district court erred in denying him an evidentiary hearing. Because Cooley's claims were capable of resolution on the record, the district court did not abuse its discretion in making this determination. *See Torres v. Mullin* , 317 F.3d 1145, 1161 (10th Cir.), *cert. denied* , 124 S. Ct.

562 (2003). Cooley was not entitled to an evidentiary hearing in the district court, and we deny COA on this issue.

## CONCLUSION

We AFFIRM the ruling of the district court denying Cooley's *Brady* claim. As to the remaining claims, we DENY a certificate of appealability and DISMISS this appeal.

Entered for the Court


Michael R. Murphy
Circuit Judge
